454 So.2d 1138 (1984)
Barbara WILLIAMS
v.
BANK OF LOUISIANA IN NEW ORLEANS.
No. CA-1695.
Court of Appeal of Louisiana, Fourth Circuit.
July 3, 1984.
Rehearing Denied September 27, 1984.
Writ Denied November 16, 1984.
Wayne E. Garrett, Charbonnet & Charbonnet, New Orleans, for plaintiff-appellee-appellant.
A.J. Capritto, New Orleans, for defendant-third party plaintiff-appellant.
Before BYRNES, CIACCIO and SAMUEL, JJ.
L. JULIAN SAMUEL, Judge Pro Tem.
This suit is based on the alleged conversion of a savings account. On January 9, *1139 1963 Mrs. Barbara Williams, appellee, opened savings account No. 3795 at the Bank of Louisiana in New Orleans ("BOL"). She continued to use that account making periodic deposits and withdrawals well into 1980.
Late in 1979 Albert Lord, vice president of BOL, was informed by Warren Ballet that his mother, Barbara Mae Ballet Williams had died in 1968 leaving a savings account at BOL. Ballet wanted to obtain the money from the account. Lord advised Ballet to retain an attorney to settle his mother's succession. Ballet did so.
On April 21, 1980, armed with information regarding the account, which information was provided by the bank, Ballet and his four co-heirs obtained a judgment in the succession of Barbara Mae Ballet aka Barbara Mae Williams. That judgment decreed that her five children were her sole heirs, each entitled to one fifth of her property, which was specified as follows: "SAVINGS ACCOUNT ON DEPOSIT, WITH THE BANK OF LOUISIANA AND TRUST COMPANY, IN THE NAME OF BARBARA WILLIAMS, BEARING ACCOUNT NUMBER 3795, HAVING AN APPROXIMATE AMOUNT ON ACCOUNT OF $8,451.04."
A certified copy of that judgment was subsequently presented to BOL. BOL then transferred the money to the heirs named in the judgment.
Sometime thereafter Mrs. Barbara Williams (the plaintiff herein) went to BOL and attempted to withdraw some money from her savings account. A BOL employee informed her that her account had been closed. After some investigation plaintiff discovered that the account money had been transferred to the heirs of Barbara Mae Ballet.
When BOL failed to rectify the error plaintiff filed this suit against BOL for conversion of her money. BOL joined the heirs of Barbara Mae Ballet as third party defendants.
The judgment appealed from awarded plaintiff $8,128.83, (the amount in the savings account) with 9% annual interest thereon from July 21, 1980 (the date on which she last deposited money into the account) through the date of judgment and $5,500 in general damages with legal interest on that amount and the $8,128.83 from the date of judicial demand. The judgment appealed from also dismissed the third party demand. BOL appeals.
BOL raises three issues. First BOL claims that the trial court erred in finding it liable. Second, it claims the amount of general damages is excessive and the trial court erred in awarding both contractual interest and legal interest on the amount in the savings account. Third, BOL also claims the trial court erred in dismissing BOL's third party claim against the heirs of Barbara Mae Ballet for repayment of the money.
Regarding the first issue, BOL claims that it is not liable because pursuant to LSA-R.S. 6:66[1] it could deliver possession of the funds on an ex parte order (i.e. the succession judgment) without incurring liability. However, as appellee correctly *1140 points out in brief that statute requires that the money must belong to the deceased person for the protection afforded by LSA-R.S. 6:66 to attach. Such was not the case; the money in the savings account belonged to the appellee, Mrs. Barbara Williams. All of the evidence and testimony support her claim that the bank was negligent in paying the money in her account to the heirs of Barbara Mae Ballet.[2] Accordingly, we conclude appellant's first assignment of error is without merit.
As for the award of $5,000 in general damages, it is well settled that "[b]efore a court of appeal can disturb an award made by a trial court the record must clearly reveal that the trier of fact abused his discretion in making the award." Perniciaro v. Brinch, 384 So.2d 392, 395 (La.1980). We cannot say that the trial court abused its discretion in awarding $5,500 in this case. Mrs. Williams testified not only that she did not have the use of her money for two and one half years but that she was forced to borrow money for her support from friends and family. She also testified that lack of money forced her to defer making necessary repairs to her home. The trial court took all of these things into consideration in assessing the mental anguish and aggravation which Mrs. Williams suffered. Although this court might have awarded a lesser amount, and even though the plaintiff failed to offer corroborating evidence regarding damages, we recognize that "[A] reviewing court might well disagree with the amount of the award fixed by the jury, but it is not entitled to substitute its opinion for that of the trier of fact." Spillers v. Montgomery Ward & Company, Inc., 294 So.2d 803, 809 (La.1974). This assignment is also without merit.
However, we do agree with the appellant regarding the award of interest on the savings account. The trial court's award of legal interest in addition to contractual interest on the $8,128.83 from the date of judicial demand is erroneous. Accordingly, the judgment appealed from will be amended so as to award interest on the $8,128.83 award at 9% (contractual interest) from July 21, 1980 to the date of judicial demand, and legal interest thereafter from the date of judicial demand.
Finally, we consider appellant's claim that the trial court erred in dismissing its third-party demand for repayment of the money negligently paid to the heirs of Barbara Ballet. In its reasons for judgment the trial court stated unequivocally "The Court realizes it was a windfall to them, that they were not entitled to it, but is of the opinion that they did nothing wrong in getting this money and that the bank should not be rewarded through their negligence of (sic) recovering the money from them." The trial court also stated that it thought the dismissal was equitable because the heirs were not negligent in making their demand on the bank and that it would be unfair to require the heirs to borrow money to repay the bank.
We understand the trial court's position. There is indeed a line of jurisprudence which holds there is a defense of negligence to the payment of a thing not due. See Palmer, Contractual Negligence in the Civil LawThe Evolution of a Defense to Actions of Error, 50 Tul.L.Rev. 1 and Equilease Corp. v. Smith Intern, Inc., 588 F.2d 919 (5th Cir.1979). However, La.C.C. art. 2301 states: "[h]e who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore *1141 it to him from whom he has unduly received it."
We adhere to what we believe to be the proper interpretation of the Code and the one which a majority of cases follow, namely that negligence per se is not a bar to recovery for the payment of a thing not due. Dynamic Exploration v. Sugar Bowl Gas Corp., 367 So.2d 18 (La. App. 1st Cir.1979). We therefore reverse the dismissal of the third party demand against the heirs of Barbara Ballet.
For the foregoing reasons, that part of the judgment which awards $8,128.83 to the plaintiff is amended only to the extent of awarding 9% interest thereon from July 21, 1980 to date of judicial demand and legal interest thereafter from date of judicial demand until paid. That part of the judgment which dismisses appellant's third party demand is reversed and there is now judgment against the third party defendants, Herbert Alfred, Jr., Warren Ballet, Oneida Ballet, Ronald Ballet and Donald Ballet in solido, in the full sum of $8,128.83 with judicial interest thereon from the date of judicial demand until paid. In all other respects the judgment appealed from is affirmed.
AMENDED IN PART
REVERSED IN PART and AFFIRMED IN PART.
NOTES
[1] Transfer of deposit by bank to heirs or their representatives, executors, or administrators; authority

Upon proper authority and upon obtaining a receipt therefor, any bank may transfer any money or other property in its possession, belonging to a deceased person, to the decedent's succession representative, heirs, or the legal representatives of the heirs.
The letters of the succession representative or the judgment recognizing and putting the heirs in possession, issued by a court of competent jurisdiction, and accompanied by letters of tutorship or curatorship of the heirs who are not sui juris, shall constitute proper authority for making the transfer, which when so made and receipted for shall be full protection to the bank.
Conclusive proof to the bank of the letters or judgment and of the jurisdiction of the court rendering them shall result from copies thereof, duly certified when rendered by a court of this state, or certified according to the Acts of Congress when rendered by a court of any other state, or certified according to the law of the place when rendered by a court of any possession or dependency of the United States, or certified according to the law of the place with the genuineness of the certification attested by a consular agent of the United States when rendered by a court of any foreign country.
[2] The testimony presented at trial showed that the bank provided the bulk of the information regarding the account to Barbara Ballet Williams' heirs. In addition when the Bank did attempt to verify whether Barbara Ballet Williams was the same person who maintained the account at BOL by verifying her signature they were presented with birth certificates signed by Barbara Alfred and Barbara Ballet. At no time was BOL presented with the signature of "Barbara Williams."

BOL never received any independent verification that the account was maintained by Barbara Ballet Williams. Furthermore the record reflects that there were 96 deposits and withdrawals made to the account in question subsequent to the date of Barbara Ballet Williams' death, which activity the bank failed to investigate properly.