481 So.2d 648 (1985)
SUNBELT FACTORS, INC.
v.
BANK OF GONZALES.
No. 84 CA 1073.
Court of Appeal of Louisiana, First Circuit.
December 26, 1985.
Boolus J. Boohaker and James R. Austin, Baton Rouge, for Sunbelt Factors, Inc.
Penrose C. St. Amant, Gonzales, for Bank of Gonzales.
Before GROVER L. COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
SHORTESS, Judge.
Sunbelt Factors, Inc. (plaintiff) brought this action against the Bank of Gonzales (defendant) for its alleged payment of three checks over a forged, unauthorized indorsement to some third party. Plaintiff's petition alleges a right to relief based on LSA-R.S. 10:3-419, contending that defendant was liable to it as payee and true owner of the checks. Defendant filed a peremptory exception of no cause of action, which the trial court sustained, dismissing plaintiff's suit. LSA-C.C.P. art. 927. Plaintiff has perfected this appeal.
The exception of no cause of action must be decided upon the face of plaintiff's petition alone; all well-pleaded allegations of fact are considered true. On review, we must determine whether the law affords a remedy under the circumstances alleged. Sanborn v. Oceanic Contractors, Inc., 448 So.2d 91 (La.1984). In its petition, *649 plaintiff asserts that it was the payee and true owner of three checks drawn by Blue D Corporation in the amount of $10,000.00 each. It alleges that defendant "deposited or cashed" these checks, despite the necessary indorsements having been "forged by a person not authorized by petitioner, and who was or is in no respect an employee of petitioners."
LSA-R.S. 10:3-419 provides in pertinent part:
(1) When a drawee to whom an instrument is delivered for acceptance refuses to return it on demand; or when a person to whom an instrument is delivered for payment refuses on demand either to pay or to return it; or when a person pays an instrument on a forged indorsement, he is liable to the true owner.
Louisiana courts have only recently examined whether this provision gives a "true owner" a direct cause of action against the party who pays on a forged indorsement. Confederate Welding and Safety Supply, Inc. v. Bank of the Mid-South, 458 So.2d 1370 (La.App. 2nd Cir.1984), writ denied, 462 So.2d 1264 (La.1985), involved a bank's payment to a corporate officer of checks made payable to the corporation. The court concluded that "LSA-R.S. 10:3-419(1) provides a direct cause of action against a party paying a check over a forged or unauthorized endorsement." Confederate Welding, 458 So.2d at 1378.
In Top Crop Seed & Supply Company, Inc. v. Bank of Southwest Louisiana, 457 So.2d 273 (La.App. 3rd Cir.1984), a corporate officer and stockholder forged indorsements, and a bank cashed checks payable to the corporation. As is the case here, the corporation sued the bank, and the trial court maintained the bank's exception of no cause of action. After reviewing the history and purpose of LSA-R.S. 10:3-419 and the jurisprudence related to it, the Third Circuit reversed and held that the statute gave the true owner or payee a direct cause of action against the paying bank, noting that such a holding was in accord with the majority of jurisdictions governed by the Uniform Commercial Code. Top Crop, 457 So.2d at 276, 277 [citing Smith v. Louisiana Bank & Trust Company, 272 So.2d 678 (La.1973)(Tate, J., concurring)]. See also Annot., 23 ALR 3rd 932 (1969 and Supp.1985, § 34c). The U.S. Fifth Circuit Court of Appeals interpreting Louisiana law agreed that the statute "affords the payee of such checks a claim against the cashing bank." Lincoln National Bank & Trust Company v. Bank of Commerce, 764 F.2d 392, 393 (5th Cir.1985).
We agree with the position set out by the Second and Third Circuits and the U.S. Fifth Circuit. The language of 3-419 is clear in giving the true owner a right to proceed against one who pays over a forged indorsement.
But we must also examine whether plaintiff's petition satisfactorily alleges that he is a true owner. Neither Top Crop nor Confederate Welding directly confronts what is meant by "true owner," for in each the checks would appear to have come into the possession of the corporate payee in the form of its unscrupulous agent.
In Lincoln National, the court ruled that there must be actual or constructive delivery to the payee to confer on it "true owner" status. The payee never had possession of the checks and was unaware of their existence and its right to the proceeds until years after they were drawn. Under these facts, the court found that the payee was not the "true owner" for purposes of 3-419.
We are persuaded that there must be actual or constructive delivery before a payee such as plaintiff becomes a "true owner," because this position best comports with fundamental principles of negotiable instruments law:
Signature alone does not constitute execution. As a general rule, a negotiable instrument, like any other written instrument, has no legal inception or valid existence as such until it has been delivered in accordance with the purpose and intention of the parties. Until that is done, it is a nullity and not the subject of ownership. *650 (Emphasis supplied and footnotes omitted.) 11 Am.Jur.2d, Bills and Notes, § 270 (1963).[1]
Plaintiff's petition asserts that it is "true owner" of the checks in question. This is a legal conclusion, not a fact. The petition does not set out facts which would allow a court to determine whether a remedy is available; that is, there is no recitation of facts to show that plaintiff ever had possession of the checks or that the drawer ever made actual or constructive delivery. "A mere statement of a conclusion of law will not state a cause of action." Delta Bank & Trust Company v. Lassiter, 383 So.2d 330 (La.1980).
We affirm the trial court's judgment that the petition in question does not set forth a cause of action, but we reverse its dismissal of plaintiff's claim and remand the case to allow plaintiff to amend its petition. Plaintiff is to be allowed 30 days from finality of this judgment to amend its petition to state a cause of action. LSA-C.C.P. art. 934; Sanborn, 448 So.2d at 95.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] Courts in Florida, Kentucky, Illinois and California have adopted this stance. Annot., 23 A.L.R. 4th 855 (1983). It is supported by J. White and R. Summers, Uniform Commercial Code at 588 (1980).