509 So.2d 6 (1987)
William PATTERSON
v.
LIVINGSTON BANK.
No. CA 86 0585.
Court of Appeal of Louisiana, First Circuit.
May 27, 1987.
Foye L. Lowe, Jr., Baton Rouge, for plaintiff.
Charles Borde, Denham Springs, for defendant.
Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
GROVER L. COVINGTON, Chief Judge.
This is an appeal from a judgment sustaining defendant's peremptory exception, dismissing plaintiff's suit at his costs. We reverse and remand.
On May 2, 1985, a Petition for Damages was filed in this matter. The petition was filed in Pointe Coupee Parish, the domicile of the plaintiff. It alleged that one of the defendants, Livingston Bank, was the wrongful transferee of a check made payable to the order of "William A. Patterson, 544 W. Main St., New Roads, La 70760", the plaintiff, but never endorsed by him, and not legally endorsed. The petition also alleged that the defendant bank was a cotortfeasor who assisted in the wrongful conversion of the check.
On May 14, 1985, the defendant bank filed a declinatory exception, objecting to the venue. By judgment rendered June 7 and signed June 17, 1985, the district court in Pointe Coupee Parish sustained the objection to the venue and ordered the case transferred to Livingston Parish.
Meanwhile, on June 11, 1985, plaintiff served interrogatories by mail on the defendant bank, through its counsel of record. Additional interrogatories were served August 7, 1985, after transfer of the suit to Livingston Parish.
On August 13, 1985, the defendant bank filed a peremptory exception, asserting *7 that the petition disclosed no right or cause of action, and alleging that "the plaintiff's claim or cause or right of action is against the drawer of the check."
On November 4, 1985, petitioner filed a Rule to Compel Discovery related to the refusal of the defendant to answer interrogatories.
By Judgment rendered February 3 and signed on February 4, 1986, the trial court sustained the defendant's peremptory exception, but made no determination on the discovery issues because the sustaining of the peremptory exception rendered it moot.
On February 4, 1986, the plaintiff filed a Request for Written Reasons, for the sustaining of the peremptory exception. The trial court has not responded to the request. See La.C.C.P. art. 1916.
Appeal was taken by written motion and order on March 11, 1986.

1. RIGHT OF ACTION
Article 681 of the Code of Civil Procedure provides that "except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts." The comments to that article state that it is the basis of the peremptory exception raising the objection that the plaintiff has no right of action.
La.C.C.P. art. 927 states, in pertinent part, "The objections which may be raised through the peremptory exception include... (5) No right of action, or no interest in the plaintiff to institute the suit. (Emphasis supplied.)
As we understand the exception of no right of action, it is for challenging the right of the particular plaintiff to assert the claim set forth in the petition. Fulford v. Green, 474 So.2d 972 (La.App. 1st Cir. 1985).
Defendant-exceptor contends that under the holding of Sunbelt Factors, Inc. v. Bank of Gonzales, 481 So.2d 648 (La.App. 1st Cir.1985), plaintiff is not the "true owner" of the check because there was no delivery of the check to the plaintiff. Hence, under La.R.S. 10:3-419, plaintiff has no right of action against the Bank.
La.R.S. 10:3-419 provides:
§ 3-419. Willful refusal to accept or pay; payment on a forgery; innocent representation
(1) When a drawee to whom an instrument is delivered for acceptance refuses to return it on demand; or when a person to whom an instrument is delivered for payment refuses on demand either to pay or to return it; or when a person pays an instrument on a forged indorsement, he is liable to the true owner.
(2) In an action against a drawee under subsection (1) the measure of the drawee's liability is the face amount of the instrument. In any other action under subsection (1) the measure of liability is presumed to be the face amount of the instrument.
(3) Subject to the provisions of this Title concerning restrictive indorsements a representative, including a depository or collecting bank, who has in good faith and in accordance with the reasonable commercial standards applicable to the business of such representative dealt with an instrument or its proceeds on behalf of one who was not the true owner is not liable to the true owner beyond the amount of any proceeds remaining in his hands.
(4) An intermediary bank or payor bank which is not a depository bank is not liable solely by reason of the fact that proceeds of an item indorsed restrictively are not paid or applied consistently with the restrictive indorsement of an indorser other than its immediate transferor.
We observe that in the petition plaintiff alleges that the check was mailed to him. We find that this is the "constructive delivery" permitted by Sunbelt Factors, supra at 649. Consequently, plaintiff "as true owner" of the check has stated a right of action. La.R.S. 10:3-419 gives a "true owner" a direct cause of action against the party who pays on a forged instrument. Confederate Welding and Safety Supply, Inc. v. Bank of the Mid-South, 458 So.2d *8 1370 (La.App.2d Cir.1984), writ denied, 462 So.2d 1264 (La.1985).

2. CAUSE OF ACTION
The peremptory exception raising the objection of no cause of action tests the legal sufficiency of the petition and is triable on the face of the pleadings. For the purpose of determining the validity of the exception, all well-pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. When it can reasonably do so, the court should maintain a petition so as to afford the litigant an opportunity to present his evidence. Haskins v. Clary, 346 So.2d 193 (La.1977).
We find that the allegations of the petition state a cause of action in tortin essence that the defendant bank assisted the defendant Billie Dyess in converting a check payable to "William A. Patterson."
The common law tort of conversion has been long recognized in Louisiana as a quasi offense. See La.C.C. art. 2315; Central Fidelity Bank v. Gray, 422 So.2d 670 (La.App. 3 Cir.1982). See also C.C. article 2324, which states, in pertinent part, "He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act." (Emphasis provided).
What the petition says in effect is that Billie Dyess Patterson wrongly deposited a check belonging to William Patterson in her account in Livingston Bank, and that Livingston Bank wrongly credited that check to the account of Billie Dyess Patterson, contrary to the commercial laws of Louisiana. It is alleged that the wrongful acts of the defendants caused damage to the plaintiff, and that he is entitled to recover his damages. It is alleged that but for the wrongful conversion of his check, the plaintiff would not have suffered the damages alleged in the petition, including among other things the effect on his credit rating, the effect on what he could do at Christmas for his family, and the time, effort and expense of preparing an affidavit, and sending numerous letters and making repeated phone calls with Livingston Bank, Koch Oil Company, Morgan Bank in Delaware. Such wrongfully caused damages are actionable. La.C.C. art. 2315; La. R.S. 10:3-419.
For the foregoing reasons, the judgment of the district court sustaining the peremptory exception raising the objections of no right of action and of no cause of action filed on behalf of Livingston Bank is reversed and the exception is overruled. The case is remanded for further proceedings not inconsistent with the views expressed herein. Costs of this appeal are assessed to defendant-appellee.
REVERSED and REMANDED.