618 So.2d 45 (1993)
Paul LABBE, Plaintiff-Appellee,
v.
PREMIER BANK, Defendant-Appellant.
No. 92-66.
Court of Appeal of Louisiana, Third Circuit.
May 5, 1993.
*46 Homer Carleton Singleton Jr., Lake Charles, for Paul Labbe.
Robert Joseph Tete, Lake Charles, for Premier Bank.
Before DOUCET, YELVERTON and COOKS, JJ.
YELVERTON, Judge.
Paul Labbe, the plaintiff, had some money on deposit in the Premier Bank of Lake Charles. Without his authority, the bank took $2,000 out of his account and would not let him have it back. Labbe sued for conversion. After a trial, the City Court of Lake Charles found in favor of Labbe and awarded him $2,000. The court denied an award of damages. The bank appealed and Labbe answered the appeal asking for damages. We affirm the judgment of the trial court, and modify the judgment to award an additional $1,000 in damages.
On the question of liability, there is a fact issue and a legal issue. The fact issue is whether it was Labbe, or somebody else, who withdrew $2,000 from his account on April 2, 1991. The trial court found it was somebody else and not Labbe. The legal issue is whether it was Labbe, or the bank, that had the burden of proving the fact issue. The trial court held the bank had the burden of proof.
This court agrees with the trial court's resolution of both issues. The court's finding that Labbe did not withdraw the money is not clearly wrong. Under the circumstances of this case, the bank had the burden of proof, and failed to carry its burden.
A conversion consists of an act in derogation of the plaintiff's possessory rights, and any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time, is a conversion. Issues of fault, intent, negligence, knowledge or ignorance, and/or good faith are not involved in actions for tortious conversion. Hagberg v. Manuel, 525 So.2d 19 (La.App. 3d Cir.1988). A mistake of law or fact is no defense. Persons deal with the property in chattels or exercise acts of ownership over them at their peril, and must take the risk that there is no lawful justification for their acts. Prosser & Keeton, 5th ed. § 15 at 93.
*47 The facts which the trial court found to be a conversion were that Labbe had $2,000 in his account which had been placed there by the bank, and that the bank took the $2,000 from his account without his permission. In more detail, the facts are: In early April 1991 Labbe had $15,449.43 in his account. On April 12, two withdrawals, one for $300 and the other for $2,000, were made. Labbe returned to the bank on April 17 and withdrew another $300. He then discovered that the balance of his account was $2,000 less than it should have been. He withdrew the balance, $12,874.49, and closed his account.
He returned to the bank the next day, April 18, and was shown the withdrawal slip for $2,000 dated April 12. He denied that the signature on the withdrawal slip was his, and gave the bank an affidavit of forgery. The bank responded by giving him a cashier's check for $2,000. Labbe then deposited this check, along with what he had withdrawn the day before, a total deposit of $14,874.49, back into his account.
On May 2, the bank told Labbe that $2,000 of his account was "under freeze" pending an investigation of what happened on April 12. Acting on advice of his lawyer, on May 23 he attempted to withdraw the $2,000 and was refused. On that same day the bank transferred the $2,000 from Labbe's account to the bank's account. This was the act of conversion.
The bank took this action on its own. It justified its action by an internal investigation, from which it concluded that Labbe had himself made the $2,000 withdrawal.
When Labbe sued for conversion, the bank pleaded the affirmative defense of extinguishment of the obligation by compensation. Evidently, the bank's position was that its issuance of the $2,000 cashier's check on April 18, to restore to Labbe's account the $2,000 withdrawal on his allegedly forged signature, was the payment of a thing not due.
The burden of proving the affirmative defense of extinguishment of the obligation is on the defendant. La.C.C.P. art. 1005; Bell v. Badger Dredging, Inc., 420 So.2d 1197 (La.App. 5th Cir.1982).
At the trial Labbe denied that the signature on the April 12 $2,000 withdrawal was his. A comparison of his ordinary signature, and the signature on that withdrawal, would lead a non-expert to believe that they are not the same. The bank produced no expert testimony that the signatures were by the same person.
No one saw him sign the $2,000 withdrawal slip at the bank. A teller testified that she waited on Labbe that morning when he made the $300 withdrawal, and that it was the same person who returned that afternoon and made a $2,000 withdrawal. On the afternoon visit, however, according to her testimony, he did not sign in her view, but moved the withdrawal slip behind something to sign it. She testified that the reason she remembered him so well was because, in the morning, he had poked fun at her voice (a cold or something). However, she also testified that at his visit in the afternoon, she found it necessary to ask to see his driver's license identification.
Labbe admitted going to the bank twice that day, once to withdraw $300 and the other time to cash a $20 third-party check. Bank records substantiate those two transactions.
In other respects as well, the paper trail from the bank's records does not incontrovertibly establish the version of either side.
In written reasons for judgment, the trial court said:
While I believe that all the witnesses were telling the truth as to the facts as they remembered them at the time of trial, there were enough "doubts", "hesitations" and "lack of memory" to prevent the defendant from effectively proving his allegations and under the circumstances of this case I don't think that there is any question that the defendant did not bear the burden of proving the justification of his actions.
We interpret this comment to mean that the trial judge was more impressed with the testimony of the plaintiff and his witnesses *48 than with the testimony of the defendant's witnesses. Finding no clear error in the trial court's determination of the facts in this case, it is our duty to affirm.
Labbe's answer to the appeal seeks damages. The award of general damages in a conversion case, if proven, is clearly supported by the jurisprudence. Quealy v. Paine, Webber, Jackson & Curtis, Inc., 475 So.2d 756 (La.1985). Labbe gave brief but uncontradicted testimony concerning mental anguish and loss of sleep as a result of the conversion. He also introduced a record of prescription medication for sleep. We award $1,000 in damages.
For the foregoing reasons, the judgment of the trial court finding the bank liable for restoration of Labbe's $2,000, with interest and costs, is affirmed. The judgment is amended to award Labbe $1,000 in general damages, with interest. The defendant will pay the costs of this appeal.
AMENDED AND AFFIRMED.