723 So.2d 1036 (1998)
Richard SANDERSON
v.
FIRST NATIONAL BANK OF COMMERCE, etc.
No. 98-CA-0352.
Court of Appeal of Louisiana, Fourth Circuit.
November 18, 1998.
Writ Denied February 5, 1999.
Bryan E. Bush, Jr., Sumpter B. Davis, III, Baton Rouge, for Plaintiff/Appellant.
Sally A. Shushan, John W. Hite, III, Brian D. Roth, Sessions & Fishman, L.L.P., New Orleans, for Defendant/Appellee.
Court composed of Chief Judge PATRICK M. SCHOTT and Judge CHARLES R. JONES, and Judge MIRIAM G. WALTZER.
JONES, Judge.
Plaintiff/Appellant, Richard Sanderson, seeks review of the trial court judgment granting the Appellee's Exception of Prescription, which held that conversion is the sole remedy for this bank customer because he did not sufficiently plead a breach of contract in his Supplemental and Amending Petition. We affirm.

FACTS
On December 29, 1995, Richard Sanderson issued a check drawn upon the Defendant bank, First National Bank of Commerce (formerly Peoples Bank & Trust Co. of St. Bernard), to Bell Services in the sum of $47,622.27. At the time the check was issued, Sanderson maintained two accounts with the First National Bank of Commerce (hereinafter FNBC). Sanderson maintained a personal savings account and he also maintained a corporate account under the name, Pelican Telecommunications, Ltd. (hereinafter PTL). The check at issue was drawn on the PTL corporate account, which at the time, had insufficient funds therein.
On January 9, 1996, the payee, Bell Services, attempted to cash the check drawn on the PTL account. On the same day, FNBC's predecessor (Peoples Bank & Trust) withdrew $44,000 from Sanderson's personal savings account and paid the check to Bell Services. Sanderson asserts that he did not sign a "cross-pledge agreement" with FNBC, and he did not authorize FNBC to transfer funds from his personal account to his deficient PTL account. Sanderson then filed suit for reimbursement and damages against FNBC on February 28, 1997.
FNBC filed a Peremptory Exception of Prescription that was denied by the trial court. FNBC then applied for Supervisory Writs to this Court, which were granted on December 12, 1997. This Court opined that Sanderson clearly pled a cause of action in conversion and the conversion claim had prescribed. This Court also held:
Sanderson argues that the claim is contractual because he was a depositor who had a contract with the bank. The petition did not allege a contractual claim. When the grounds of the peremptory exception *1037 may be removed by amendment, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. La. C.C.P. art. 934.
This Court further stated:
We remand to allow Sanderson to amend his petition within two (2) weeks of this judgment in order to allege a contractual claim. If he amends his petition and alleges new facts, the district court should reconsider the exception of prescription.
Pursuant to this Court's directive, Sanderson amended his Petition within the time delay allowed by this Court. In the Supplemental and Amending Petition, Sanderson alleged that 1) he had a contract with FNBC; 2) it was FNBC's duty to safe-keep funds in his savings account unless a withdrawal was authorized; 3) FNBC breached its contract when it unilaterally transferred $44,000 from Sanderson's savings account into his corporate account; 4) FNBC's transfer of funds from his savings account to a corporate account was illegal, unauthorized, and a breach of warranty; 5) FNBC breached its warranty and contractual duty to maintain and safe-keep funds in petitioner's personal savings account; 6) FNBC violated its obligation of good faith under LSA-R.S. 10:1-203 in transferring savings funds, without authorization, to a corporate account.
FNBC filed another exception of prescription to the plaintiff's amended petition. On November 24, 1997, the trial court granted FNBC's exception and dismissed the Supplemental and Amending Petition with prejudice. It is from this judgment that Sanderson now appeals.

DISCUSSION
Sanderson contends that the trial court erred in granting FNBC's, Exception of Prescription. The trial court's ruling implicitly held that conversion was the sole remedy for a bank customer, and that Sanderson had not sufficiently plead a breach of contract in his Supplemental and Amending Petition. FNBC submits that Sanderson's assignment of error is without merit, and argues that the trial court properly granted FNBC's exception of prescription to the supplemental petition, because Sanderson's only remedy, conversion, has prescribed.
Reviewing courts have allowed claimants to amend Petitions in order to allege a contractual claim. See Hampton v. Hibernia National Bank, 598 So.2d 502 (La.App. 2 Cir.1992); Graham v. Strother, 28,892 (La. App. 2 Cir. 12/11/96), 684 So.2d 1088, writ denied, 97-0118 (La.3/7/97), 690 So.2d 20. Appellant's Supplemental and Amending Petition clearly alleges that a contractual relationship existed between himself and FNBC. Sanderson establishes this contractual relationship through the various written restrictions published by FNBC on the passport savings account. Thus, written documents describing the rights, contractual duties, and limitations of both FNBC and its customers existed.
Appellant's Supplemental and Amending Petition clearly alleges a cause of action for breach of contract between Sanderson and FNBC. Further, the contractual relationship is memorialized in writing by the various restrictions that FNBC published relating to passbook savings accounts. Appellant argues that a written document specifying terms and conditions is a contract. Appellant also argues that certain duties must be implied from FNBC's contract, and one of those duties is a statutory duty defined by LSA-R.S. 10:1-203  an obligation of good faith. Louisiana Revised Statute 10:1-203 states that "every contract or duty within this Title imposes an obligation of good faith in its performance or enforcement."
Louisiana Code of Civil Procedure article 934 clearly states that "when the grounds of the peremptory exception may be removed by amendment, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." This Court, by allowing Sanderson two weeks in which to amend his petition to allege a breach of contract claim, acted properly under La. C.C.P. art 934.
However, this Court, in allowing Sanderson to amend his petition, also charged Sanderson to allege new facts upon which to base his breach of contract claim. Thus, in the instant case, the trial court is required to reconsider the exception of prescription only *1038 if Sanderson amends his petition to include a cause of action for breach of contract and if the amended petition "alleges new facts". A careful review of the supplemental and amended petition reveals no new facts regarding the basis of the suit. Sanderson simply alleges the same facts, but recharacterizes or amends them to allege a new cause of action under contract. Although Sanderson alleges additional duties and warranties, they all arise from the same underlying depositor-bank relationship for wrongful transfer of funds previously considered and denied by both the trial court and this Court.
The courts have uniformly considered actions against banks for wrongful transfer or disposition of account funds as conversion actions. See Williams v. Bank of Louisiana in New Orleans, 454 So.2d 1138, 1139 (La. App. 4 Cir.) writ denied, 460 So.2d 611 (La. 1984); Hampton, supra, at 504; Labbe v. Premier Bank, 92-66 (La.App. 3 Cir. 5/5/93), 618 So.2d 45, 46; Patterson v. Livingston Bank, 509 So.2d 6, 7 (La.App. 1 Cir.1987). FNBC has previously argued before this Court regarding the same issue. In Williams, supra, a suit for conversion of property was brought against FNBC for unauthorized distribution of a bank customer's savings account funds. In Williams, Hampton and Labbe, the plaintiffs were all bank customers who sued their individual banks for wrongful disposition of account funds. In Hampton, supra, a depositor sued a bank, alleging that the bank deducted money from the depositor's checking account as a setoff against a balance due on a previous loan. The Second Circuit held, as in the instant case, that one-year liberative prescription had run on the depositor's conversion claim. Also, in Labbe, supra, a customer sued his bank for conversion after the bank transferred $2,000.00 out of the customer's account. The Third Circuit found in favor of the customer, and held that the bank improperly converted these funds when it withdrew funds from the customer's account. Each of these cases also involved a conversion cause of action, and none recharacterized the delictual action as one arising from contract as a result of the relationship between the customer and the bank.
In Johnson v. Concordia Bank & Trust Co., 95-1187 (La.App.3 Cir.3/27/96), 671 So.2d 1093, the owner of a certificate of deposit brought suit against the bank for wrongfully disbursing interest accruing during a tutorship to the named tutor, in violation of the judgment of tutorship. In arguing that the claim had prescribed, the bank contended that plaintiff's claims were based on conversion. Plaintiff, in rebuttal, argued that in disbursing its funds, the bank was acting pursuant to a court approved contractual relationship whereby the bank held the funds in trust. The Johnson court, citing Labbe, held that the claim had prescribed. The court stated that although the bank may have had contractual and fiduciary obligations to the plaintiff, the act for which the plaintiff was seeking redress was properly characterized as a conversion and had in fact prescribed. Id. at 1098.
Therefore, consistent with the above-mentioned line of cases, we agree that the trial court was correct in finding that Sanderson failed to state any new facts which allege any claim beyond his original conversion claim. Accordingly, this Court affirms the ruling of the trial court dismissing all of Sanderson's claims on the basis of prescription.
AFFIRMED.