WILLIAMS, J.
 

 11 Plaintiff, Reba D. Matthews, appeals a district court judgment granting a peremptory exception of prescription in favor of defendant, Bank One, N.A. The district court dismissed plaintiffs lawsuit with prejudice.
 
 [1]
 
 For the reasons set forth herein, we affirm.
 

 
 *953
 
 FACTS
 

 On December 22,1999, plaintiff, Reba D. Matthews, opened a traditional individual retirement account (“IRA”) at Bank One, N.A. (“the bank”). Matthews made an initial deposit of $15,314.20. No further deposits were made into the account; however, multiple withdrawals were made from the time the account was opened until it was closed in March 2000. With the exception of one withdrawal, all of Matthews’ transactions took place at the bank’s branch on Jackson Street in Monroe, Louisiana. However, the transaction in dispute took place at a branch in West Monroe on January 12, 2000. A bank employee allegedly issued a check payable to Matthews in the amount of $2,000; the check was purportedly endorsed and cashed by Matthews.
 

 Matthews alleged that she learned of the $2,000 transaction in March 2000 and questioned the transaction. She denied making the transaction and requested the return of her funds. Matthews asserts that she and the bank went “back and forth” with regard to her claim for the return of her funds, until March 2001. At that time, the bank informed her that no further action would be taken concerning her claim. The bank alleged that Matthews authorized the withdrawal of funds and the proceeds of the $2,000 check 12were deposited into two “minor” accounts in the names of Matthews’ children.
 
 [2]
 
 Matthews was the authorized signer on both accounts.
 

 On January 3, 2003, Matthews filed a complaint with the Office of the Comptroller of the Currency (“OCC”).
 
 [3]
 
 By letter dated March 4, 2003, the OCC declined to act with regard to the claim, stating, “[Wjhere a clearly defined factual dispute develops, we would be going beyond our authority in acting as a trier of fact or adjudicator of civil disputes.... If you wish to pursue the issue, we can only advise you to contact an attorney or small claims court advisor.”
 

 On August 20, 2004, Matthews filed a lawsuit, in proper person, against the bank to recover damages caused by the alleged unauthorized withdrawal of the $2,000. Matthews alleged that the bank “knowingly depriv[ed]” her of her funds and prayed that the bank “be ordered to pay the full sum of two thousand dollars ($2,000) plus all interest incurred on this account (if the funds had not been withdrawn).” Matthews also prayed for damages in the amount of $2,000 “for each month beginning January 2000 and continue until this matter be heard and judgment be rendered in favor of petitioner ... for the malicious, unprofessional act of knowingly depriving petitioner of funds entrusted to defendant on its business guarantee that trust and safety was insured to all funds in any amount....”
 

 1 aOn September 13, 2004, the bank filed an exception of vagueness. The district court granted the exception and allowed Matthews to amend her petition. Matthews amended the petition and alleged that the $2,000 was withdrawn from her account “without authorization” and that her name “was signed on the withdrawal slip by the [bank’s] employees authorizing
 
 *954
 
 the withdrawal of $2,000.00 from [her] account ‘without’ [her] permission.”
 

 On February 28, 2008, the bank filed a peremptory exception of liberative prescription. On July 28, 2008, the district court granted the exception and again granted Matthews “leave to file an amended petition setting forth appropriate facts constituting different grounds of recovery.” On August 5, 2008, Matthews, this time through counsel, filed a second amended and supplemental petition, alleging that she and the bank entered into a contract when Matthews deposited funds into the IRA account, and the bank breached the contract when it allowed funds to be withdrawn from the account without her authorization. Matthews also alleged that the bank breached its fiduciary duty by paying funds without her authorization.
 

 In response to Matthews’ second amended petition, the bank filed an exception of liberative prescription. The district court sustained the exception and dismissed the action with prejudice. Matthews appeals.
 

 DISCUSSION
 

 Matthews contends the district court erred in referring to LSA-R.S. 10:4— 111, of the Uniform Commercial Code-Bank Deposits and Collections (“UCC”), in its reasons for judgment. She argues that LSA-R.S. 10:4-111 only applies to the liability of a bank with regard to negotiable instruments Land commercial bank accounts. Matthews asserts that the provisions pertaining to general contracts are more applicable to this matter. More specifically, Matthews contends the bank failed to adhere to the terms of the IRA agreement; therefore, she has an action in contract, which is subject to the liberative prescription period of five years.
 
 [4]
 
 In the alternative, Matthews argues that she has a personal action, which is subject to a prescriptive period of ten years.
 
 [5]
 

 On the other hand, the bank maintains that Matthews’ underlying cause of action is conversion, an action that is delictual in nature. Therefore, the bank argues that this matter is governed by LSA-C.C. art. 3492, which provides:
 

 Delictual actions are subject to a libera-tive prescription of one year. This prescription commences to run from the day injury or damage is sustained.
 

 In its ruling on the exception of prescription, the district court stated:
 

 [P]laintiff argues the correct prescriptive period to be applied to her claims is the five year period for a breach of contract. Plaintiff attempts to differentiate the cases cited by defendant on the basis that the banks in those cases did not generate a check. In the present case, plaintiff alleges the bank itself generated its own check and an employee forged her name to it. Even though this allegation would have supported a cause of action for conversion and forgery, plaintiff argues it is also a |Bbreach in the bank’s contractual duty. However, plaintiff cites no case law for this point.
 

 In
 
 Sanderson v. First National Bank of Commerce,
 
 98-0352 (La.App. 4th Cir.11/18/98), 723 So.2d 1036,
 
 writ denied,
 
 98-3110 (La.2/5/99), 738 So.2d 7, the plaintiff filed suit against the bank alleging that
 
 *955
 
 the bank improperly used funds from his personal account to cover a corporate check without his authorization. After the district court denied the bank’s exception of prescription, the court of appeal granted writs and reversed, finding that the plaintiff had pled a cause of action in conversion and that the action had prescribed. The court allowed the plaintiff to amend his petition “to allege a contractual claim.”
 
 Id.
 
 at 1037. Thereafter, the plaintiff amended his petition, alleging,
 
 inter
 
 alia: 1) he had a contract with the bank; 2) it was the bank’s duty to “safe-keep” funds in his account unless a withdrawal was authorized; 3) the bank breached its contract when it transferred the funds from his personal account into his corporate account; 4) the transfer of funds was illegal, unauthorized, and a breach of warranty. The plaintiff introduced into evidence written documents describing the rights, contractual duties and limitations of both the bank and its customers. The bank filed another exception of prescription, which the district court granted. The court of appeal affirmed, stating:
 

 A careful review of the supplemental and amended petition reveals no new facts regarding the basis of the suit. [The plaintiff] simply alleges the same facts, but recharacterizes or amends them to allege a new cause of action under contract. Although [the plaintiff] alleges additional duties and warranties, they all arise from the same underlying depositor-bank relationship for wrongful transfer of funds previously considered and denied by both the trial court and this court.
 

 [fiThe courts have uniformly considered actions against banks for wrongful transfer or disposition of account funds as conversion actions.... Therefore ... we agree that the trial court was correct in finding [the plaintiff] failed to state any new facts which allege any claim beyond his original conversion claim.
 

 Id.
 
 at 1038 (internal citations omitted).
 

 We agree.
 
 [6]
 
 In the instant case, Matthews originally filed a tort action, alleging that the bank withdrew funds from her account without her authorization and that an employee of the bank forged her endorsement on the check and cashed it. In her amended petition, Matthews attempted to characterize her action as one for breach of contract, alleging that the bank breached its contract by withdrawing funds from her account without her authorization. However, the underlying conduct Matthews continues to complain of is the unauthorized withdrawal of funds from her account. Matthews’ claims constitute an action in conversion or breach of fiduciary duty, both of which have a prescriptive period of one year. See, LSA-C.C. art. 3492,
 
 supra,
 
 and LSA-R.S. 6:1124.
 
 [7]
 
 
 *956
 
 Accordingly, we find no error in 17the district court’s determination that Matthews’ action has prescribed.
 

 CONCLUSION
 

 For the foregoing reasons, we affirm the district court’s judgment granting the peremptory exception of liberative prescription in favor of defendant, Bank One, N.A. (now known as JPMorgan Chase, N.A.). Costs of this appeal are assessed to plaintiff, Reba D. Matthews.
 

 AFFIRMED.
 

 [1]
 

 . The lawsuit was answered by JPMorgan Chase Bank, N.A., the successor to Bank One, N.A.
 

 [2]
 

 . According to the bank's records, $1,000 was deposited into the account of Gregory T. Matthews, and $1,000 was deposited into the account of Roy D. Foster or Royce D. Foster.
 

 [3]
 

 . Correspondence between Matthews and the OCC appears in tire record. According to a statement in one of the letters, “[t]he focus of the OCC's review of consumer complaints against national banks is to determine whether the banks' actions are consistent with banking statutes, regulations or any policies that are applicable to nationally chartered banking institutions.''
 

 [4]
 

 . LSA-C.C. an. 3498 provides:
 

 Actions on negotiable instruments, and on promissory notes whether negotiable or not, are subject to a liberative prescription of five years. This prescription commences to run from the day payment is exigible.
 

 [5]
 

 . LSA-C.C. art. 3499 provides:
 

 Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.
 

 [6]
 

 . We first note that, unlike the plaintiff in
 
 Sanderson, supra,
 
 Matthews did not introduce into the record any depositor's agreement, or any other document, evidencing any specific agreement or contractual relationship with the bank. Matthews filed into evidence a copy of the deposit slip for the initial deposit opening the account and copies of multiple withdrawal slips, none of which describe any specific rights, duties or limitations with regard to the relationship between her and the bank. Likewise, there are no documents in evidence to substantiate Matthews’ claim that her traditional IRA account was a trust account.
 

 [7]
 

 . LSA-R.S. 6:1124 provides:
 

 No financial institution or officer or employee thereof shall be deemed or implied to be acting as a fiduciary, or have a fiduciary obligation or responsibility to its customers or to third parties other than shareholders of the institution, unless there is a written agency or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of
 
 *956
 
 a fiduciary. The fiduciary responsibility and liability of a financial institution or any officer or employee thereof shall be limited solely to performance under such a contract and shall not extend beyond the scope thereof. Any claim for breach of a fiduciary responsibility of a financial institution or any officer or employee thereof may only be asserted within one year of the first occurrence thereof. This Section is not limited to credit agreements and shall apply to all types of relationships to which a financial institution may be a party.
 

 (Emphasis added).